## Commonwealth v. Molnar Brothers Coal Company

*T. McKeen Chidsey*, Attorney General, and *Morley W. Baker*, Special Deputy Attorney General, for plaintiff.

*John Y. Scott*, for defendant.

WOODSIDE, J., March 14, 1949.—This comes before us on appeal from the refusal of the Bureau of Employment and Unemployment Compensation to redetermine appellant's unemployment compensation contribution rate for the year 1947 which was fixed by the bureau at 2.7 percent. The question is whether appellant is entitled to experience rating under the Pennsylvania Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, on the basis of its own and its predecessor's experience.

The facts developed at a hearing and by the filing of a stipulation are not in dispute. Appellant is a partnership with its principal place of business in Greene County and is engaged in the mining and marketing of bituminous coal. On May 1, 1945, appellant purchased this business from William Barnes, who had started it in 1942. Barnes has not filed unemployment reports nor paid contributions for the fourth quarter of 1944 and the first and second quarters of 1945.

Between May 1, 1945, and January 23, 1947, appellant did not notify the department of its acquisition of this business nor did it file reports nor pay contributions which under the law were due by it during that period.

On January 23, 1947, appellant filed the reports and paid the contributions, penalties and interest for the second, third and fourth quarters of 1945 and for all quarters of 1946.

Section 301 of the Unemployment Compensation Law of December 5, 1936, P. L. 2897, as amended by the Act of May 29, 1945, P. L. 1145, sec. 5, provides:

"Each employer shall pay contributions equal to two and seven-tenths per centum of wages paid by him or it with respect to employment occurring subsequent to the thirty-first of December, one thousand nine hundred and forty-one: Provided, That . . . such per-

centage may be adjusted between a minimum rate of one per centum and a maximum rate of two and seventenths per centum, in accordance with the following provisions of this section, if the employer has paid contributions under this act for one or more quarters in each of the five calendar years immediately preceding the year for which the rate is applicable."

Paragraph (*e*) of said section provides as follows:

"No employer's rate of contribution for any calendar year, commencing with the calendar year one thousand nine hundred and forty-four, shall be less than two and seven-tenths per centum, unless all his contributions due on wages paid to the end of the third calendar quarter of the preceding calendar year, together with interest and penalties due thereon, have been paid by the thirty-first day of December of such preceding calendar year and all his contributions on wages paid during the fourth calendar quarter of the preceding calendar year have been paid when due."

Paragraph (*g*) of said section provides as follows:

"Successor-in-interest. (1) Pursuant to rules adopted by the department, an employer who prior to the first day of January, one thousand nine hundred and forty-six acquires an organization, trade or business, in whole or in part from another employer, shall immediately notify the department, and for the purpose of ascertaining the rate of contribution of the succeeding employer his "Employer's Experience" shall include that of the prior employer as related to the whole or part of the organization, trade or business acquired. Such a succeeding employer shall receive full credit for the years during which the former employer made contributions as to the organization, trade or business acquired."

Subsection 2 of paragraph (*g*) of section 301, supra, relates to transfers of business made subsequent to December 31, 1945.

It is the contention of the bureau that the failure of Barnes to pay contributions due for the fourth quarter of 1944 and the first two quarters of 1945 bars appellant from using its predecessor's experience and that under paragraph (e) of section 301 above, appellant, by failing to comply therewith, cannot claim the reduced rate.

Had the business not changed hands no claim for experience rating could be made for it for the year 1947 because of the failure of Barnes to pay prior to December 31, 1946, all the contributions due for 1944 and 1945. Paragraph (e), supra, specifically provides that the rate shall be 2.7 percent unless all the contributions due on wages paid to the end of the third calendar quarter of the preceding calendar year, together with interest and penalty, have been paid by December 31st of, in this case, 1946.

Paragraph (g) above provides that appellants shall receive full credit for the years during which Barnes made contributions as to the business acquired. "Full credit", as we understand it, means only that credit to which Barnes himself would have been entitled. If Barnes could claim no "credit" because of his failure to comply with the law appellant naturally would not acquire that which his predecessor did not have. It would be an anomaly if the predecessor employer could pass on to his successor more than he himself had. Appellant has offered to pay contributions due by Barnes but this offer was not made until after December 31, 1946. Even if an offer of appellant made prior to December 31, 1946, would avail, clearly under the law any offer made subsequent to that time avails appellant nothing in the determination of the rate for 1947.

Furthermore, there can be no doubt that under paragraph (e) above appellant itself is not entitled to experience rating for 1947 by virtue of its failure to pay

any unemployment compensation contributions from the time it entered business until after December 31, 1946.

Appellant does not deny its failure to comply with the provisions of the law, but attempts first to excuse its failure on the ground that the bureau would not help it make out its returns until 1947 and, secondly, contends that the provision of paragraph (e) is in the nature of a penalty and as such is unreasonable and unlawful.

The first contention needs no discussion. Failure of the Commonwealth, or any of its agencies, to assist the taxpayer in preparing its reports does not justify the taxpayer's failure to file such reports and to pay the contributions when due.

Where appellant falls into error on its other contention is that the tax imposed by the statute is 2.7 percent and not the unknown and undetermined percent which appellant would be required to pay had it been entitled to an experience rating.

In Albright Unemployment Compensation case, 162 Pa. Superior Ct. 98, 104 (1948), Judge Arnold said:

"Prior to 1943 intervenor's tax was 2.7%. 'Experience rating' effected, according to a formula, and *adjustment* of the contribution, which *reduced* this rate, the reduction to become greater as the 'unemployment' of the employer's workmen became less. It was a reward and not a penalty, for without 'experience rating' the employer's tax would remain at 2.7%, and in the subsequent amendments of 1943 and 1945 its tax was fixed at this rate *unless* adjusted."

As pointed out above the tax is 2.7 percent *unless* the taxpayer meets certain requirements among which is the payment of all contributions prior to certain prescribed dates, which appellant did not do.

Being "a reward and not a penalty" the principles relating to penalties urged upon us by appellant do not

apply. The rate was properly set by the bureau for 1947 at 2.7 percent.

## Conclusions of Law

1. The taxpayer's rate of contribution is 2.7 percent unless the taxpayer has paid all contributions due by him on wages paid to the end of the third quarter of the preceding calendar year, together with interest and penalties due thereon, by December 31st of such preceding year.

2. Failure of the Bureau of Employment and Unemployment Compensation to assist a taxpayer in preparing his reports, even after the taxpayer has requested such assistance, does not excuse his failure to file his returns and pay his tax when due.

3. A taxpayer cannot use the experience of his predecessor in interest to obtain a rate of less than 2.7 percent unless the contribution, together with any interest and penalty due on wages paid by the predecessor in interest during the period to be used by the successor in interest, has been paid by December 31st preceding the calendar year for which such experience is to be used.

4. The rate of unemployment contribution or tax is 2.7 percent. Any reduction in that rate is a reward. Imposition of a rate of 2.7 percent is not the imposition of a penalty.

5. The taxpayer in this case did not meet the requirements of law to entitle him to a rate of less than 2.7 percent for 1947.

## Order

And now, to wit, March 14, 1949, the action of the Department of Labor and Industry in determining the rate of contribution of appellant for the year 1947 at 2.7 percent is affirmed and the appeal dismissed.

Notice hereof shall be forthwith given by the prothonotary to the parties or their attorneys and if no exceptions hereto are filed within 30 days after service of such notice judgment shall be entered thereon by the prothonotary.